### UNITED STATES v. SLAZENGER et al.

(Circuit Court, S. D. New York. May 19, 1900.)

No. 3,027.

**CUSTOMS DUTIES—TENNIS BALLS.**

Tariff Act 1897, par. 391 (30 Stat. 187), providing that all manufactures of which wool is a component material shall be classified and assessed as manufactures of wool, does not apply to merchandise of which silk is not a component material; and tennis balls of wool and rubber (rubber being the component material of chief value) are not dutiable under the provision for "all manufactures of every description made wholly or in part of wool, not specially provided for" in paragraph 366 of that act, but as manufactures of India rubber, or of which India rubber is

the component material of chief value, not specially provided for under paragraph 449 of said act.

Appeal by the United States from a decision of the board of United States general appraisers which sustained the protest of the importers as to the merchandise in question.

D. Frank Lloyd, Asst. U. S. Atty.

W. Wickham Smith, for appellees.

TOWNSEND, District Judge (orally). The articles in question are tennis balls, made of India rubber and covered with wool; the India rubber being the component material of chief value. They were assessed for duty under the provisions of paragraphs 366 and 391 of the act of 1897 (30 Stat. 184, 187), as manufactures of which wool is a component material, at 44 cents per pound, and 55 per cent. ad valorem. The question herein has been disposed of in the appeal of these importers (Slazenger v. U. S. [C. C.] 91 Fed. 517), except in so far as it may be affected by the following proviso in paragraph 391 (30 Stat. 187) of the silk schedule: "Provided, that all manufactures, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool." Counsel for the United States contends that congress intended this proviso to apply to any manufacture of which wool is a component material. Counsel for the importers contends that this proviso is limited to the manufactures of silk, in said paragraph 391 of the silk schedule. It is clear that the construction contended for by the importers is correct. It appears by references to various other provisos in said act that, if congress had intended that this proviso should apply to paragraphs other than that in which it is inserted, they would have inserted language indicating such intention.

The decision of the board of general appraisers is affirmed.