In re SCHELD.

(Circuit Court of Appeals, Ninth Circuit. November 5, 1900.)

No. 647.

BANKRUPTCY—EXEMPTIONS—LIFE INSURANCE POLICIES.

    The provision of Bankr. Act 1898, § 70, subd. 5, which makes an insurance policy having a cash surrender value payable to a bankrupt or his estate assets in the hands of his trustee unless he shall pay or secure such surrender value, is a specific limitation on section 6, which secures to the bankrupt, in general terms, the benefit of the exemption laws of the state, and title to such a policy vests in the trustee, notwithstanding it is exempt from execution under the state laws.

In Bankruptcy.

A. M. Johnson and Riordan & Lande, for petitioner.

Isaac Joseph, for respondent.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. In this matter the sole question presented for decision is whether insurance policies having a cash surrender value, and exempt from execution under the laws of the state, pass

to the trustee of the bankrupt as assets unless the insured secures to the trustee such cash surrender value. Section 6 of the present bankrupt act declares:

"That this act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months, or the greater portion thereof, immediately preceding the filing of the petition."

This, as will be seen, is a general provision, and, if it stood alone, would clearly exempt the policy in question; for, under the law of California, such a policy is exempt. But in a later section of the bankrupt act (section 70) it is declared that the trustee of the estate shall become vested by operation of law with the title of the bankrupt, "except in so far as it is to property which is exempt, to all * * * property which, prior to the filing of the petition, he could by any means have transferred, or which might have been levied upon and sold under judicial process against him: provided, that when any bankrupt shall have an insurance policy which has a cash surrender value payable to himself, his estate or personal representative, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated and continue to hold, own and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings; otherwise the policy shall pass to the trustee as assets." In respect to these provisions we agree with the views of Judge Shiras as expressed in Re Lange (D. C.) 91 Fed. 361, that section 6 "is the declaration of the general purpose of congress to secure to bankrupts the exemption provided for by the laws of the state in which they reside, but that this general purpose is limited by the subsequent clause of section 70, which declares the rule to be applied with respect to a named and particular kind of property, to wit, policies of insurance having a surrender value payable to the bankrupt or his estate. The fact that this special clause is preceded by the word 'provided' does not in any sense limit the force thereof. Thus, in Railroad Co. v. Smith, 128 U. S. 174, 9 Sup. Ct. 47, 32 L. Ed. 377, it is said: 'It is a common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing amendments to them to precede their proposed amendments with the term "provided," so as to declare that, notwithstanding existing provisions, the one thus expressed is to prevail; thus having no greater signification than would be attached to the word "but" or "and" in the same place, and simply serving to separate or distinguish the different paragraphs or sentences.' Giving to the words used in section 70 their usual and fair import, they clearly declare that policies of insurance of the character of that in issue in this case pass to the trustee as part of the assets of the bankrupt; and, as these words deal with a specific matter, they must be construed to be a limitation upon the general declaration with respect to exemptions found in section 6." It will be seen that the clause of section 70 above quoted does not include policies of insurance payable to the wife, children, or other kin of the bankrupt, but

is limited to policies the proceeds of which are payable to the bankrupt himself, his estate, or personal representatives. The enactment does not deprive the family of a debtor of the protection which he may have secured to them in taking out policies for their benefit payable at his death, but it does prevent debtors from availing themselves of the opportunity of making investments for their own benefit in the form of endowment policies, or policies payable to themselves, and holding the same, while seeking a discharge from their debts through the bankrupt act. If there is anything unjust or unwise in this,—which, however, we are unable to see,—the remedy is with congress alone. The judgment is affirmed.