### ARNOLD et al. v. UNITED STATES.

(Circuit Court, S. D. New York. March 11, 1902.)

#### No. 2,091.

CUSTOMS DUTIES—MERCHANDISE COMPOSED OF SILK AND WOOL.

   Merchandise composed of silk and wool, silk being the component material of chief value, cannot be classified under Tariff Act 1890, par. 414, as a "manufacture of silk or of which silk is the component material of chief value"; being within the proviso of that paragraph declaring that "all such manufactures of which wool * * * is a component material shall be classified as manufactures of wool."

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

William B. Coughtry, for the importers.
Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). It is conceded that the merchandise which is the subject of this controversy is composed of silk and wool, silk being the component material of chief value. It was classified by the collector under paragraph 395 of the tariff act of 1890, as "women's and children's dress goods, * * * composed wholly or in part of wool, worsted," etc. The protest insists that the collector should have classified the goods under paragraph 414 of the same act as a "manufacture of silk, or of which silk is the component material of chief value." Paragraph 414 contains a proviso as follows: "Provided that all such manufactures, of which wool, or the hair of the camel, goat, or other like animal, is a component material, shall be classified as manufactures of wool." Manufactures of wool under this proviso are covered by paragraph 392 of the same act. The protest in question does not refer to the latter paragraph. It being conceded upon this proof that the merchandise contains worsted as a component material, the court is clearly of the opinion that it is covered by the proviso and cannot be classified as a manufacture of silk under paragraph 414.

It follows that the decision of the board of general apprai~ers should be affirmed.