### UNITED STATES v. WALSH.

#### (Circuit Court, D. Massachusetts. February 5, 1907.)

#### No. 159 (1,849).

**1. CUSTOMS DUTIES—CLASSIFICATION—FLAX-WOOL FABRICS.**

Fabrics in chief value of flax, but in part of wool, are dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 346, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663], relating to goods "the component material of chief value" in which is flax, and not under Schedule K, par. 366, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1666], relating to cloths "in part of wool."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, §§ 88-96.]

**2. SAME—CONSTRUCTION OF PROVISO.**

The proviso in the silk provisions in Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 391, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], which prescribes that "all manufactures, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool," relates only to goods composed of wool and silk, and not to fabrics of wool and flax.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, §§ 109-114.]

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below reversed the assessment of duty by the collector of customs at the port of Boston on an importation by F. T. Walsh.

See, for affirmance, 154 Fed. ——.

Note U. S. v. Charles A. Johnson & Company (C. C.) 154 Fed. 752, U. S. v. Scruggs, Vandervoort & Barney Dry Goods Co. (C. C.) 147 Fed. 888, Benoit v. U. S. (C. C.) 150 Fed. 687, Rouss v. U. S., 120 Fed. 1021, 56 C. C. A. 684, and U. S. v. Slazenger (C. C.) 113 Fed. 524.

Asa P. French, U. S. Atty., and William H. Garland, Asst. U. S. Atty.

Norman W. Bingham, for importer.

LOWELL, Circuit Judge. This is a proceeding to review a decision of the Board of General Appraisers imposing a duty upon woven fabrics called "lappings" at the rate of 50 per cent. ad valorem under paragraph 346 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663]). The fabric has a warp of flax, and a weft, or filling, of wool. Flax is the component material of chief value. The government contends that the fabric is dutiable under paragraphs 366 and 391, Schedules K, L, 30 Stat. 184, 187 [U. S. Comp. St. 1901, pp. 1666, 1670]. The paragraphs in question read as follows:

"Par. 346. Woven fabrics or articles not specially provided for in this act, composed of flax, hemp, or ramie, or of which these substances or either of them is the component material of chief value, weighing four and one-half ounces or more per square yard, when containing not more than sixty threads to the square inch, counting the warp and filling, one and three-fourths cents per square yard; containing more than sixty and not more than one hundred and twenty threads to the square inch, two and three-fourths cents per square yard; containing more than one hundred and twenty and not more than one hundred and eighty threads to the square inch, six cents per square yard; containing more than one hundred and eighty threads to the square inch, nine cents per square yard, and in addition thereto, on all the foregoing, thirty per centum ad valorem: Provided, that none of the foregoing articles in this paragraph shall pay a less rate of duty than fifty per centum ad valorem. Woven fabrics of flax, hemp, or ramie, or of which these substances or either of them is the component material of chief value, including such as is known as shirting cloth, weighing less than four and one-half ounces per square yard and containing more than one hundred threads to the square inch, counting the warp and filling, thirty-five per centum ad valorem."

For earlier legislation, see Tariff Act Aug. 27, 1894, c. 349, Schedule J, par. 277, 28 Stat. 530; Tariff Act Oct. 1, 1890, c. 1244, Schedule J, par. 371, 26 Stat. 593; Tariff Act March 3, 1883, c. 121, Schedule J, 22 Stat. 507.

"Par. 366. On cloths, knit fabrics, and all manufactures of every description made wholly or in part of wool, not specially provided for in this act, valued at not more than forty cents per pound, the duty per pound shall be three times the duty imposed by this act on a pound of unwashed wool of the first class; valued at above forty cents per pound and not above seventy cents per pound, the duty per pound shall be four times the duty imposed by this act on one pound of unwashed wool of. the first class, and in addition thereto, upon all the foregoing, fifty per centum ad valorem; valued at over seventy cents per pound, the duty per pound shall be four times the duty imposed by this act on one pound of unwashed wool of the first class and fifty-five per centum ad valorem."

For earlier legislation, see Tariff Act 1894, Schedule K, par. 283, 28 Stat. 530; Tariff Act 1890, Schedule K, par. 392, 26 Stat. 596; Tariff Act 1883, Schedule K, 22 Stat. 508.

"Par. 391. All manufactures of silk, or of which silk is the component material of chief value, including such as have India-rubber as a component material, not specially provided for in this act, and all Jacquard figured goods in the piece, made on looms, of which silk is the component material of chief value, dyed in the yarn, and containing two or more colors in the filling, fifty per centum ad valorem: Provided, that all manufactures, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool."

For earlier legislation, see Tariff Act 1894, Schedule L, par. 302, 28 Stat. 532; Tariff Act 1890, Schedule L, par. 414, 26 Stat. 598; Tariff Act 1883, Schedule L, 22 Stat. 510.

It is not disputed that, in the absence of paragraph 391, the provisions of paragraph 346 would control. In effect this was decided in Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, 34 L. Ed. 110, where the controversy concerned the importation of a fabric made partly of wool and partly of silk. The paragraph of the wool schedule there in question was substantially like paragraph 366 of the Dingley act, and the paragraph of the silk scale resembled paragraph 346 of the Dingley act, with the substitution of silk for flax. The reasoning of the Supreme Court in that case applies to the case at bar.

Whatever interpretation be given to the proviso of paragraph 391, I cannot think that it was intended to control the language of all the other paragraphs of the tariff act and to make many of them nugatory, as is contended by the government. Probably the proviso will be construed best in accordance with the intention of Congress if it be limited to fabrics part of silk and part of woolen.

The importers have made out their case and the decision of the Board of General Appraisers is affirmed.