UNITED STATES v. E. DE F. WILKINSON CO.

(Circuit Court, D. Rhode Island. March 26, 1907.)

No. 2,819 (1,862).

CUSTOMS DUTIES—CLASSIFICATION—FLAX-WOOL FABRICS.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 391, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], "that all manufactures, of which wool is a component material shall be classified and assessed for duty as manufactures of wool," is limited to said schedule, which relates to goods containing silk, and the classification of fabrics of flax and wool should be determined without regard to said provision.

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision below, the Board of General Appraisers, on the authority of a former decision (G. A. 5,728; T. D. 25,431), sustained the importers' protests against the assessment of duty by the collector of customs at the port of Providence.

Charles A. Wilson, U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

BROWN, District Judge. The United States seeks a reversal of a decision of the Board of General Appraisers to the effect that the merchandise in question—"lappings," so called, a woven fabric composed of a flax warp and a wool filling—is dutiable under paragraph 346 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663]), as a woven fabric of which flax is the component material of chief value, and not under paragraph 366, as a manufactured article in part of wool.

I see no reason for disturbing the finding of the board as to the fact that flax is the component of chief value. The law of the case is considered in the opinion of Judge Lowell in the Circuit Court for the District of Massachusetts, in United States v. Walsh, 154 Fed. 749, February 5, 1907 (T. D. 27,921), which relates to the same kind of merchandise. This decision holds that the proviso of paragraph 391, "Provided, that all manufactures of which wool is a component material, shall be classified and assessed for duty as manufactures of wool," is limited to fabrics partly of silk and partly of wool; in other words, that the proviso is to be limited to "Schedule L—Silk and Silk Goods," and is not applicable to other schedules. In United States v. Slazenger (C. C.) 113 Fed. 524, Judge Townsend is also of the opinion that the proviso of paragraph 391 is limited to the silk schedule. I agree with the opinion of these learned judges.

The decision of the Board of General Appraisers is affirmed.