UNITED STATES v. WALSH.

(Circuit Court of Appeals, First Circuit. July 2, 1907.)

No. 702 (1,849).

CUSTOMS DUTIES—CLASSIFICATION—PROVISO—WOOL GOODS.

In construing Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 391, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], relating to "all manufactures * * * of which silk is the component material of chief value," and containing a proviso that "all manufactures of which wool is a component material shall be classified and assessed for duty as manufactures of wool," *held*, that the ordinary rule should be applied that a proviso at the close of an independent paragraph like this should be construed as limiting only what precedes it, and that the words "all manufactures" in the proviso have no broader relation than the same words in the beginning of the paragraph.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 154 Fed. 749.

William H. Garland, Asst. U. S. Atty. (Asa P. French, U. S. Atty., on the brief).

Norman W. Bingham (Bingham, Smith & Hill, on the brief), for importer.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This case turns on the construction of the proviso which concludes paragraph 391 of the customs act of July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], which paragraph is as follows:

"391. All manufactures of silk, or of which silk is the component material of chief value, including such as have india-rubber as a component material, not especially provided for in this act, and all Jacquard figured goods in the piece, made on looms, of which silk is the component material of chief value, dyed in the yarn, and containing two or more colors in the filling, fifty per centum ad valorem; Provided: that all manufactures, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool."

The United States maintain that this paragraph is to be construed to cover all manufactures of which wool is a component material to the same extent as though the paragraph was a separate section of the act in question, and disconnected from the position which it occupies in "Schedule L,—Silks and Silk Goods." If the United States are correct, the judgment of the Circuit Court must be reversed; otherwise it must be affirmed. A full statement of the circumstances is found in the opinion of the learned judge of the Circuit Court, to which we refer for any additional information required, and in which we concur. The Board of General Appraisers decided in favor of the importer, but the paragraph which we have quoted was not referred to by them. Apparently the United States made before them no claim arising out of it, and it certainly cannot be said that there has been any practical construction or application of the proviso which supports their present contention. On the other hand, the learned judge of the Circuit Court observes as follows:

"Whatever interpretation be given to the proviso of paragraph 391, I cannot think that it was intended to control the language of all the other paragraphs of the tariff act and to make many of them nugatory, as is contended by the government."

According to the ordinary rule, a proviso at the close of a section, or of an independent paragraph like that now before us, is to be construed as only limiting, or as being limited by, what precedes it therein. Of course, there are some necessary exceptions to the rule, the latest statement of each of which is found in United States v. Falk, 204 U. S. 143, 149, 150, 27 Sup. Ct. 191, 51 L. Ed. 411. In view of the sweeping results explained by the learned judge of the Circuit Court which would follow from not applying the general rule to the present case, we must hold that it does so apply, and that the words

"all manufactures" found in the proviso should be held to be only a repetition of the same words with which the paragraph begins, and as having absolute relation thereto.

The judgment of the Circuit Court is affirmed.