UNITED STATES v. SCRUGGS, VANDERVOORT & BARNEY DRY GOODS CO.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1907.)

No. 2,521 (1,793).

1. CUSTOMS DUTIES—CLASSIFICATION—SILK AND WOOL GOODS.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 391, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], the proviso that "all manufacturers, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool," is not limited to the goods containing silk which are the subject of said paragraph, but extends to all silk and wool goods; and dress goods in chief value of silk, but in part of wool, become by virtue of this proviso subject to the duty on wool goods, rather than that on silks.

2. STATUTES—PROVISO—EXTENT OF SCOPE.

The scope of a proviso is to be determined by its words and import, rather than by its connection with subdivision of the statute; and a proviso contained in a paragraph of a tariff act may be construed to relate to other provisions also.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

For decision below, see 147 Fed. 888, in which the Circuit Court affirmed a decision of the Board of United States General Appraisers, which had reversed the assessment of duty by the surveyor of customs at the port of St. Louis.

Edward P. Johnson (Henry W. Blodgett, on the brief), for appellant.

Everit Brown (Ralph Pierson, on the brief), for appellee.

Before VAN DEVANTER and ADAMS, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge. This case involves the correct classification for duty under Tariff Act July 24, 1897, c. 11, § 1, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], of certain imported merchandise consisting of woven fabrics in the piece; the same being women's and childern's dress goods composed of silk and wool. The question is whether the merchandise comes within the purview of paragraph 369 of "Schedule K, Wool and Manufactures of Wool," or paragraph 387 of "Schedule L, Silks and Silk Goods." The collector of customs at St. Louis classified it under the wool schedule. The Board of General Appraisers, on protest filed and due procedure taken by the importers, disapproved of that classification, and held that the goods should be classified under paragraph 387 of the silk schedule. An appeal was taken to the court below from the decision of the Board of General Appraisers. It affirmed the decision of the Board, and ordered the collector to reliquidate the entry accordingly. From that decision an appeal was prosecuted to this court.

Paragraph 369 imposes upon women's and children's dress goods and other goods composed wholly or in part of wool a certain duty. Paragraph 387 imposes upon woven fabrics in the piece of certain

designated weight and containing more than 30 per cent. in weight of silk a certain duty less in the aggregate than that provided for in paragraph 369. The important and distinguishing feature of the goods embraced in the two paragraphs is that those embraced in paragraph 369 must be composed in part at least of wool, while those embraced in paragraph 387 must be composed in part at least of silk. The weight and other specific features of the goods described in the two are unimportant for our present purpose. Paragraph 369 is more general in its description, and undoubtedly covers the merchandise in question. Paragraph 387 is more specific in description, but not so much so as to exclude the merchandise in question. In other words, the importation comes well within the narrow and more specific description of that paragraph. A large part of the argument before us was on the contention that because of the limitation which narrowed the classification in paragraph 387, and because the importation in question falls within that narrow description, it should, under the authority of Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, 34 L. Ed. 110, and other cases cited, be classified for duty under that paragraph. But in the view we take of other provisions of the act our conclusion is not at all dependent upon that consideration.

The silk schedule is embraced within paragraphs 384 to 391, both inclusive, of the act. 30 Stat. 185 et. seq. It includes both unmanufactured and manufactured silk; silk in the process of conversion, from raw silk to singles, trams, organize, sewing silk, twist, floss and silk threads or yarns of every kind, and silk in manufactured fabrics of different weights and proportions. Whatever other materials may be in the manufactures, silk must be a component part of each; and in many instances it is the component material of chief value. Paragraph 391, which closes the schedule so far as the enumeration of articles subject to duty is concerned, is in the following words:

"All manufactures of silk, or of which silk is the component material of chief value, including such as have India rubber as a component material, not specially provided for in this act, and all Jacquard figured goods in the piece, made on looms, of which silk is the component material of chief value, dyed in the yarn, and containing two or more colors in the filling, fifty per centum ad valorem: Provided, that all manufactures, of which wool is a component material shall be classified and assessed for duty as manufactures of wool."

The government contends that the proviso just quoted is determinative of this case; that its clear intent and purpose is to relegate every manufacture of silk of which wool forms a component material of any value at once to the wool schedule, and to make it subject to a duty under the appropriate paragraph of that schedule. The importer, on the other hand, contends that the proviso in question is limited in its operation to section 391. Which of these contentions is correct? The answer to this question depends upon the legislative intent, as manifested by the whole act. The proviso in question in the language employed is broad enough to fairly cover the imported articles in question, of which silk and wool are component materials; and Congress is presumed to intend what the language employed fairly imports. Brun v. Mann, 151 Fed. 145, 147, 80 C. C. A. 513.

But it is contended that it relates only to those manufactures refer-

red to in the paragraph (391) of which it is a part, and has no relation to manufactures which afford the subject-matter of some of the other immediately preceding paragraphs of the silk schedule, such as the woven fabrics in the piece, the handkerchiefs or mufflers, etc., found in 387 and 388, respectively. We cannot agree to this contention. The proviso is found at the end of the silk schedule, after an enumeration of many manufactured articles composed in whole or in part of silk, including woven fabrics in the piece. Congress was dealing with manufactures of silk generally. Its mind was dwelling on that subject, and we have no doubt that the word "manufactures," employed in the proviso, refers to any and all manufactures of silk specified in the schedule then under consideration. The contention that, if the proviso is given operation beyond the confines of the particular paragraph in which it appears, it cannot be stopped by the limits of the silk schedule, but must operate throughout the entire act on all the schedules, and would create interminable confusion, is not sound or persuasive. See cases infra. It fails to regard the subject on which the legislative mind was dwelling. General language is often employed in treating of a given subject, and in its interpretation is necessarily and rationally limited to that subject.

But it is said that there is a well-settled rule that a proviso is to be construed with reference to the immediately preceding parts of the clause to which it is attached, and limits only the passage to which it is appended. We do not think there is any mechanical limitation of that kind. Endlich, in his work on the Interpretation of Statutes, invoked by counsel for the importer as his authority, in section 185 lays down the rule that a reasonable operation must be given to the proviso consistent with the principal object of the act; and in section 186 he says:

"The question whether a proviso * * * restrains or operates upon the immediately preceding provisions only of the statute, or whether it must be taken to extend in whole or in part to all the preceding matters contained in the statute, must depend * * * upon its words and import, and not upon the division into sections that may be made for convenience of reference in the printed copies of the statute."

In United States v. Babbitt, 1 Black, 55, 61, 17 L. Ed. 94, the Supreme Court had under consideration a proviso to an act. It was confronted with the same argument as was made before us. It was answered thus:

"We are of the opinion that the proviso referred to is not limited in its effect to the section where it is found, but that it was affirmed by Congress as an independent proposition, and applies alike to all officers in this class."

The conclusion that the proviso was intended to operate upon the whole silk schedule is in harmony with and in execution of the general legislative intent disclosed in the wool schedule, namely, that all imported articles containing any part of wool should be taxed in a certain way. To avoid the possibility of silk articles containing some part of wool being taxed under the silk schedule, instead of under the general wool schedule, the proviso, in our opinion, was enacted. District (and later Circuit) Judge Coxe, in Arnold v. United States

(C. C.) 113 Fed. 1004, had under consideration a similar proviso in the silk schedule of the customs act of 1890 (26 Stat. 567), and reached the conclusion which we now reach. The cases of United States v. Slazenger (C. C.) 113 Fed. 524, and United States v. Walsh (C. C. A.) 154 Fed. 770, recently decided, which are relied on by the importer's counsel, are, in our opinion, not in conflict with the conclusion we have reached, but rather in full harmony with it. District (and later Circuit) Judge Townsend in the first-mentioned case had under consideration the proper classification of tennis balls made of wool and rubber, of which silk did not constitute a component material. He held that the proviso in question did not extend to such a manufacture. The question there in judgment was whether the proviso was so independent of all the provisions of the silk schedule as to apply to any and all manufactures of which wool was a component material whether they contain silk or not. He held it was not. The Walsh Case raised the same question. Putnam, Circuit Judge, in delivering the opinion of the Circuit Court of Appeals said:

"This case turns on the construction of the proviso which concludes paragraph 391 of the customs act of 1897. * * * The United States maintained that this paragraph is to be construed to cover all manufactures of which wool is a component material to the same extent as though the paragraph was a separate section of the act in question, and disconnected from the position which it occupies in 'Schedule L, Silks and Silk Goods.' * * * A full statement of the circumstances is found in the opinion of the learned judge of the Circuit Court, to which we refer for any additional information required, and in which we concur."

The imported merchandise there in judgment was classified under "Schedule J, Flax, Hemp, Jute and Manufactures of." It contained no silk, and, of course, had no place in "Schedule L, Silks and Silk Goods," and the Circuit Court of Appeals held that the proviso was not such an independent section as to cover any manufactures whether containing silk or not, but that it must be read as a proviso to the silk schedule only. Judge Lowell, who presided at the trial in the Circuit Court, held that the proviso relates only to goods composed of wool and silk, and does not require that fabrics in chief value of flax should be removed from their appropriate schedule, and, because of the proviso, be made dutiable under the wool schedule, merely because they were composed in part of wool. He said:

"Whatever interpretation be given to the proviso of paragraph 391, I cannot think that it was intended to control the language of all the other paragraphs of the tariff act, and to make many of them nugatory, as is contended by the government. Probably the proviso will be construed best in accordance with the intention of Congress if it be limited to fabrics part of silk and part of wool. T. D. 27,921."

Judge Putnam, after expressing his concurrence in Judge Lowell's opinion, said:

"In view of the sweeping results explained by the learned judge of the Circuit Court which would follow from not applying the general rule to the present case, we must hold that it does apply, and that the words 'all manufactures,' found in the proviso, should be held to be only a repetition of the same words with which the paragraph begins, and as having absolute relation thereto."

These opinions, instead of making against the contention of the government in this case, make strongly for it. We fully agree with them. The words "all manufactures," in the proviso, mean all manufactures of silk embraced within the silk· schedule of which wool is a component material.

The Circuit Court erred in affirming the decision of the Board of General Appraisers. It should have classified the merchandise in question as "manufactures of wool," as was done by the collector of customs.

The decree of the Circuit Court is reversed, and the cause remanded, with directions to proceed in accordance with this opinion.