### BALLOT v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. April 28, 1909.)

No. 818 (2,050).

APPEAL AND ERROR (§ 125*)—REVIEW—JUDGMENT BY CONSENT.

 An appellate court will not take jurisdiction to revise a judgment entered by agreement.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 883;, Dec. Dig. § 125.*]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

The Circuit Court affirmed without written opinion a decision by the Board of United States General Appraisers, which had been rendered on the authority of U. S. v. Scruggs, 156 Fed. 940, 84 C. C. A. 440.

Searle & Pillsbury (Everit Brown, of counsel, and Charles I. Searle, on the brief), for importer.

William H. Garland, Asst. U. S. Atty., and Asa P. French, U. S. Atty.

Before PUTNAM, Circuit Judge, and ALDRICH and DODGE, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PUTNAM, Circuit Judge. This is a case touching classification under the customs laws, in which a judgment was entered against the importer in the Circuit Court. Thereupon the importer appealed to us.

It appears that the case was not judicially considered by the Circuit Court. On the other hand, the following is shown by the record in that court:

"Counsel for the respective parties hereto consent to the entry of an order of affirmance herein without further notice; the said consent being given to expedite the final decision of the issue at bar in the United States Circuit Court of Appeals, and said order to be without prejudice to the right of appeal of the importers therefrom."

This was followed by an order of the court, to wit:

"Now, after reading and filing the foregoing consent of the parties hereto by their respective counsel, the decision of the Board of General Appraisers is affirmed in accordance therewith."

Thereupon the appeal was allowed, accompanied with an assignment of errors which opens:

"The above appellant hereby assigns error to the decision and judgment," etc.

As there was no judgment of the Circuit Court in a just sense of the word, there was no error; but we do not leave the matter on this technical statement. If we hear this appeal, we disregard the statute establishing this court, which constituted it for this purpose an appellate tribunal; and substantially we would act as a court of first instance. This is not only not allowable according to the rules of law, but, if accepted as a precedent to be followed, would naturally result in a constantly widening departure from what the statute contemplates, throwing on this court a burden which it is not proper for it to assume. Therefore the appeal must be dismissed. We are at liberty to state that our conclusion in this respect is in harmony with the informal opinions of the two Circuit Judges who did not sit on this appeal.

We have, however, while considering the question of dismissal, incidentally opened the record on the merits. The question presented here is between paragraphs 369 and 387 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedules K, L, 30 Stat. 184, 186 [U. S. Comp. St. 1901, pp. 1667, 1669]). The United States rests on paragraph 369 and the importer on paragraph 387; the former being in the wool schedule and the latter in the silk schedule. As stated by Judge Adams, who delivered the opinion in United States v. Scruggs Company, in behalf of the Circuit Court of Appeals for the Eighth Circuit, passed down on November 6, 1907 (156 Fed. 940, 84 C. C. A. 440), the issue there was precisely the same as it is here. It was decided in favor of the United States. Upon an issue so doubtful as this appears to be, if we passed on the merits, having regard to our usual practice, we would follow the decision in the Eighth circuit, even though we did not concur in all the reasoning of the opinion leading up to the final conclusion. That court had before it our opinion in United States v. Walsh, 154 Fed. 770, 83 C. C. A. 472, and

it contains nothing inconsistent therewith; but, so far as it observes upon it, it correctly interprets it.

The appeal is dismissed for want of jurisdiction, without prejudice, and without costs.