## STIERS ET AL. *v.* MUNDY ET AL.

[No. 21,715. Filed July 1, 1910. Rehearing denied November 22, 1910.]

1. DESCENT AND DISTRIBUTION.—*Statutes.*—*Wife to Husband.*— Under §§2485, 2488 R. S. 1881, if a wife died testate, leaving a widower, one-third of her real and personal property descended to him. p. 653.

2. DESCENT AND DISTRIBUTION.—*Statutes.*—*Wife to Husband.*— Under §3016 Burns 1908 and §2649 Burns 1894, Acts 1891 p. 71, §§1, 2, if a wife died testate, leaving a widower, he could elect to take under her will, but, failing to elect, he took under the statute. p. 653.

3. CONSTITUTIONAL LAW.—*Amending Statutes.*—*Titles.*—The fact that a proviso of an amendatory act refers to matters not germane to the subject-matter of the amended section, does not render it unconstitutional if the proviso is germane to the title of the amended act. p. 654.

4. CONSTITUTIONAL LAW.—*Amending Statutes.*—*Titles.*—*Descent and Distribution.*—The titles of acts, reading: "An act regulat-

ing descents and the apportionment of estates," properly cover a proviso in an amendatory act relating to the election by husbands to take under the wills of deceased wives.  p. 655.

5.  STATUTES.—*Amendments.*—*Effect.*—An amendment to a statute operates from the time of its taking effect precisely as if it had been incorporated in the original act.  p. 655.

6.  STATUTES.—*Conflict.*—*Contradictory Provisions.*—Where there is a conflict between two acts passed at different times, or between provisions of the same act, the latter act, or provision, prevails. p. 655.

7.  STATUTES. — *Conflicting Provisions.* — *Descent.* — *Wills.* — *Husband's Election.*—That proviso of §3026 Burns 1908, Acts 1901 p. 118, giving to the surviving husband the property conveyed by the wife's will unless he elects to take under the law, invalidates the proviso in §3016 Burns 1908, Acts 1891 p. 71, §1, giving to the surviving husband his rights under the law unless he elects to take under the will, and this is true though the provisions are in different sections of the act.  p. 656.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Suit by Minnie M. Mundy and others against Sarah E. Stiers and others.  From a decree for plaintiffs, defendants appeal.  *Affirmed.*

*Douglas Morris,* for appellants.
*M. M. Bachelder, amicus curiae.*
*Smith, Cambern & Smith,* for appellees.

MONKS, C. J.—Appellees brought this suit for partition and to quiet title.  The court, at the request of the parties, made a special finding of facts and stated conclusions of law thereon.  It appears from the special findings that Frances L. Hildreth died testate on November 27, 1903, the owner of the real estate in controversy; that her will, which was duly admitted to probate, gave all of her real estate to James M. Hildreth, her husband, during his life, and upon his death it was directed that said real estate be sold and the proceeds divided among appellees, the heirs of said Frances L. Hildreth, the testator; that said James M. Hildreth, who was his wife's only heir at law, never filed an election to take under the will, but held possession of said

real estate until March 27, 1907, on which day he died intestate, leaving appellants as his only heirs at law. The court stated as its conclusion of law that "no one of appellants has any right, title or interest" in said real estate, and rendered judgment accordingly.

If said James M. Hildreth took and held said real estate under the will of his wife, this case must be affirmed, otherwise it must be reversed.

Under section twenty-two of the act of 1852 (1 R. S. 1852 p. 251, §2485 R. S. 1881) and section five of the act of 1853 (Acts 1853 p. 55, §2488 R. S. 1881) if the wife die

1. testate or intestate, leaving a widower, one-third of her property, real and personal, descended to such widower.

Sections 2485, 2488, *supra,* were amended by sections one and two of the act of 1891 (Acts 1891 p. 71). Said §2485 was amended by adding a proviso that "if the wife

2. shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the State of Indiana, which election shall be made within ninety days after said will has been admitted to probate in this State and in the same manner as widows are now required to elect in such cases." §3016 Burns 1908. Section two of said act of 1891, which amended section five of said act of 1853, is the same as the above, except that it refers exclusively to personal property. §2649 Burns 1894.

In 1901 (Acts 1901 p. 118, §3026 Burns 1908) the legislature passed an act entitled "an act to amend section two," etc., of the act of 1891, *supra.* Section one of said act of 1891 reads as follows: "If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage: Provided, if the wife shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the State of Indiana, which election shall be made within ninety

days after said will has been admitted to probate in this State and in the same manner as widows are now required to elect in such cases." Section two of said act of 1891, as amended in 1901, reads as follows: "The personal property of the wife held by her at the time of her marriage, or acquired during coverture by descent, devise, gift or in any other manner, shall remain her own property to the same extent and under the same rules as her real estate so remains, and on the death of the husband before the wife such personal property shall go to the wife, and on the death of the wife before the husband shall be distributed in the same manner as her real estate descends and is apportioned under the same circumstances: Provided, if the wife shall have left a will her surviving husband shall take under the will of his late wife unless he shall make his election whether he will take the lands so devised or the provisions so made, or whether he will retain the right to one-third of the land of his late wife, but he shall not be entitled to both unless it plainly appear by the will to have been the intention of the testatrix that he should have such lands or pecuniary or other provision thus devised or bequeathed in addition to his rights in the lands of his wife," etc.

Under the decisions of this court the mere fact that the proviso of the amendatory act of 1901, *supra,* refers to matters not germane to the subject-matter of the particular section it purports to amend does not render it unconstitutional and void, if the subject-matter incorporated in the amendment is within the purview and is germane to the title of the act amended. *Lewis* v. *State* (1897), 148 Ind. 346, and cases cited; *Rose* v. *State* (1909), 171 Ind. 662, and cases cited; *Cain* v. *Allen* (1907), 168 Ind. 8, 24.

The subject of the acts of 1852 and 1853, *supra,* and the amendatory acts of 1891 and 1901, *supra,* as expressed in

the titles, was "An act regulating descents and the
4. apportionment of estates." It is clear that said
acts embraced but one subject and matters properly
connected therewith, which subject was expressed in the
title thereof, in all respects as required by article 4, §19, of
the Constitution of this State. It is clear therefore that
said proviso is within the purview and is germane to the
title of said acts of 1901, 1891, 1853 and 1852.

It is a rule of statutory construction that the amendment
of a statute by a subsequent act operates from that time pre-
cisely as if the subject-matter of the amendment had
5. been incorporated in the prior act at the time of its
adoption; for the amendment becomes a part of the
original act, from the date such amendment is in force,
whether it be the change of a word, figure, line or entire
section, or a recasting of the whole language. *Walsh* v.
*State, ex rel.* (1895), 142 Ind. 357, 362, 33 L. R. A. 392;
*Cain* v. *Allen* (1907), 168 Ind. 8, 16; *Pomeroy* v. *Beach*
(1898), 149 Ind. 511, 513; *Russell* v. *State* (1903), 161 Ind.
481; *State* v. *Bock* (1906), 167 Ind. 559, 564; *State, ex rel.,*
v. *Adams Express Co.* (1908), 171 Ind. 138, 141, 19 L. R.
A. (N. S.) 93, and cases cited; *Parks* v. *State* (1902), 159
Ind. 211, 215, 216, 59 L. R. A. 190; *Blakemore* v. *Dolan*
(1875), 50 Ind. 194, 204; 2 Lewis's Sutherland, Stat.
Constr. (2d ed.) §448; Sutherland, Stat. Constr. §288; End-
lich, Stat. Constr. §294; Black, Interp. of Laws p. 357.

What is the effect, if any, of said section two of the act
of 1891, as amended in 1901 (§3026 Burns 1908), on sec-
tion one of said act of 1891 (§3016 Burns 1908)?

It will be observed that under section one of the act of
1891, *supra,* if the wife shall have left a will, the husband
takes under the law of descents, unless he elects to
6. take under the will, while under section two as
amended by the act of 1901, *supra,* he takes under
the will if he makes no election. The rule as to making an

election, enacted in said section two, as amended in 1901, is in direct conflict with the rule on that subject enacted in section one of said act of 1891.

It is a rule of statutory construction that if there is a conflict in the provisions of the same act, or between two acts passed at different times, the earliest in position or enactment is repealed by the later. The last words stand. *Quick* v. *White Water Tp.* (1856), 7 Ind. 570, 578; *Spencer* v. *State* (1854), 5 Ind. 41, 47; *Simington* v. *State* (1854), 5 Ind. 479, and cases cited; *Hyland* v. *Brazil Block Coal Co.* (1891), 128 Ind. 335, 339, 340; *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595, 621, and cases cited; 1 Lewis's Sutherland, Stat. Constr. (2d ed.) §§247, 268; 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §349; Sutherland, Stat. Constr. §160; Endlich, Stat. Constr. §§182, 183; Black, Interp. of Laws p. 168; 26 Am. and Eng. Ency. Law (2d ed.) 734-736.

Under this rule said section two of said act as amended in 1901, being later both in time and position, controls, and repeals by implication that part of section one of

7. the act of 1891 which is in conflict therewith. Therefore, since James M. Hildreth made no election, he took under the will of his late wife, as provided by said act of 1901, and upon the death of said James M. Hildreth appellees were entitled to possession in accordance with the provisions of the will of his deceased wife. Nor does the fact that the provision affecting section one is found in the proviso of section two, as amended, defeat the construction heretofore given. While it is true that the rational and appropriate office of a proviso is to qualify and restrain the preceeding clause in the section of which it is a part, unless it clearly appears that it was to be given a broader application, yet if it is manifest that the object and intent was to give the proviso a scope beyond the section in which it is found it will be construed as restraining and qualifying preceding sections relating to the subject-

matter of the proviso, without regard to its position and connection. *United States* v. *Babbit* (1861), 1 Black (U. S.) 55, 17 L. Ed. 94; *United States* v. *R. F. Downing & Co.* (1906), 146 Fed. 56, 76 C. C. A. 376; *United States* v. *Scruggs, etc., Dry Goods Co.* (1907), 156 Fed. 940, 84 C. C. A. 440, and cases cited; *In re Scheld* (1900), 104 Fed. 870, 44 C. C. A. 233, 52 L. R. A. 188; *In re Lange* (1899), 91 Fed. 361; *Gearing* v. *United States* (1867), 3 Ct. Cl. 165; *Wartensleben* v. *Haithcock* (1886), 80 Ala. 565, 1 South. 38; *Friedman Bros.* v. *Sullivan* (1886), 48 Ark. 213, 2 S. W. 785; *In re Mechanics, etc., Bank* (1862), 31 Conn. 63; *Brown County* v. *City of Aberdeen* (1887), 4 Dak. 402, 31 N. W. 735; *Mayor, etc.,* v. *Magruder* (1871), 34 Md. 381; *Considine* v. *Metropolitan Life Ins. Co.* (1896), 165 Mass. 462, 465, 43 N. E. 201; *State, ex rel.,* v. *City of St. Louis* (1903), 174 Mo. 125, 73 S. W. 623, 61 L. R. A. 593; *Wheeler* v. *City of Plattsmouth* (1878), 7 Neb. 270, 278; *Traders Nat. Bank* v. *Lawrence Mfg. Co.* (1887), 96 N. C. 298, 3 S. E. 363; *Callaway* v. *Harding* (1873), 23 Gratt. 542; *King* v. *Inhabitants of Newark-upon-Trent* (1824), 3 Barn. & C. 59; Sutherland, Stat. Constr. §§222, 223; 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §§351, 352; Black, Interp. of Laws p. 273; 26 Am. and Eng. Ency. Law 679 (b).

Judgment affirmed.