WM. WOLFF & CO. v. UNITED STATES.

(Circuit Court, N. D. California. March 22, 1909.)

No. 13,836.

CUSTOMS DUTIES (§ 85*)—PROCEDURE—APPEAL FROM GENERAL APPRAISERS—ADDITIONAL EVIDENCE.

An importer is not precluded from introducing new evidence in the Circuit Court, on appeal from the Board of General Appraisers, under Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933), if he introduced some evidence before the board.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 205; Dec. Dig. § 85.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Choynski & Humphreys (William P. Humphreys, of counsel), for importers.

Robert T. Devlin, U. S. Atty., and George Clark, Asst. U. S. Atty.

VAN FLEET, District Judge. This is an appeal from a decision of the Board of General Appraisers sustaining the action of the collector of customs at the port of San Francisco in assessing and collecting the duty on a certain consignment of German kümmel, known as "Gilka Kümmel," imported by the petitioner. The question involved before the collector was whether the commodity was dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule H, 30 Stat. 173 (U. S. Comp. St. 1901, p. 1653), which fixes the tax of $2.25 per proof gallon, or came within the trade convention with Germany then in force, made in pursuance of section 3 of the tariff act, which fixes the duty on importations of like character from that country at $1.75 per proof gallon. Proc. of Pres. 31 Stat. 1978.

The importer claimed that the commodity was a product of the soil of Germany, and had been imported by it direct from that country, having been bought on its account from the manufacturer at Berlin. But the certified invoice accompanying the shipment, instead of having been made out in Berlin, was issued and consulated at Antwerp, and disclosed nothing as to the place of purchase or country of pro-

duction of the goods covered. The collector had consequently no discretion but to treat the merchandise as an importation from Belgium, which he did, and imposed duty at the higher rate. The importer, however, was granted the privilege of entering the goods upon a pro forma invoice on giving a bond to produce later a corrected invoice, properly made out and consulated at Berlin, and the duty was then paid under protest. The protest having been duly certified by the collector to the Board of General Appraisers, that tribunal, upon a hearing subsequently had before it, affirmed the ruling of the collector. Thereupon this application was made to review the decision of the board; and the parties having, as authorized by the statute, taken such additional evidence in this court as they desired, the matter has now been submitted.

There is but one question presented here, and that is a question of law. The evidence taken in this court upon which the controversy is submitted need not be stated, since it is conceded by the government that, if available to petitioner, it is sufficient to sustain its contention as to the source and character of the importation. In that respect it is stated in the brief of the United States attorney:

"No dispute is made in this case as to the character of the imported article. It comes, within the provisions of section 3 of the act of 1897 hereinbefore referred to, and it comes within the purview of the President's proclamation. And it is conceded that the contention of the petitioner here is correct, providing proper procedure has been followed by the importer to show that the kümmel imported was liable to a duty of only $1.75 per gallon, instead of the regular duty of $2.25 per gallon."

The defect in procedure implied in this language and urged by the government as its sole objection is that the additional evidence taken here cannot be resorted to by petitioner to counterveil the ruling of the Board of General Appraisers, for the reason, as claimed, that no evidence on certain essential features of the controversy was presented to that board. Counsel says:

"In this case it was incumbent upon the petitioner to produce evidence before the Board of General Appraisers to establish an importation direct from Germany, and to establish the fact that the kümmel was a product of Germany, and that it had not become mingled with the commerce of Belgium prior to its shipment."

And it is contended that no such evidence was there presented, and that in such an instance the protesting importer cannot be permitted for the first time to present such evidence here, that the case must be regarded as if the party had defaulted before the board and given it no opportunity to pass upon the merits of the controversy, and thus one of the essential features of the procedure provided by the statute has been ignored. The authority relied upon to sustain this position is the case of United States v. China & Japan Trading Co., 71 Fed. 864, 18 C. C. A. 335, decided by the Circuit Court of Appeals for the Second Circuit. In that case Judge Wallace, commenting upon the record before them, used this language:

"Notwithstanding these articles were improperly classified by the collector, the Board of Appraisers was entirely justified in affirming his decision. It appears from the record that the board affirmed the collector because the importer failed to appear pursuant to its notification to show cause why the ac-

tion of the collector should not be affirmed. The whole scheme of the customs administrative act would be defeated if the importer, who complains of the action of the collector, can obtain a review of that action by the Circuit Court without first resorting to the Board of General Appraisers and obtaining its decision upon the facts and the law of the case. The point, however, does not seem to have been presented for the consideration of the Circuit Court, has not been argued in this court, and is not suggested in the assignments of error. Consequently we are not called upon to consider it."

. As indicated, this language was used by the learned judge merely en passant, and in response to no question presented or involved in the case, and it must therefore be regarded as a pure dictum. It does, however, in my judgment express a correct and just principle of law, and one applicable to the construction of the statute in question, and should therefore in a proper case be applied. But it has no application to the facts of the present case. The record here discloses that the hearing before the board was not permitted to go by default. The protesting importer was not only represented on the hearing, but there was evidence presented which in my judgment was sufficient to have warranted, although perhaps not demanding, a finding by the board sustaining the protest. The board had before it, not only the original invoice certified at Antwerp, but a corrected invoice properly consulated at Berlin, which latter referred to the commodity as "German kümmel," and which, when considered in connection with the statement therein of the place where purchased, was sufficient to raise a presumption that it was of German production; and taken in connection with the sworn statement, wholly uncontroverted, made to the board by Mr. Hoyt, representing the importer, was sufficient to rebut any inference that the merchandise had ever become commingled with the commerce of Belgium. Mr. Hoyt stated in referring to the invoice originally taken out at Antwerp:

"As the goods were of German production and should be entitled to the benefit of the German reciprocity treaty, we discarded said invoice on the ground that it was not correct, and gave a bond for the production of a corrected consular invoice, showing the goods were the product of Germany and had started on their journey to the United States from Germany."

This record, therefore, precludes the claim that the case virtually, or at all, went by default at the hearing before the board. Nor did the latter regard the case as within that category. Their conclusion, as expressed in their opinion, after referring to the evidence before them and discussing its effect, was that:

"There is not before us sufficient facts to warrant us in making a finding in favor of the importers. The protest is therefore overruled."

In my judgment the facts of the case bring it squarely within the principles laid down in Mendelson v. United States, 154 Fed. 33, 83 C. C. A. 145, a case also decided by the Circuit Court of Appeals for the Second Circuit. In that case Judge Lacombe, stating the facts of the case, says:

"The government contended, in support of the decision of the Circuit Court, that no legal evidence was taken before the board, and that therefore no 'further' evidence should be permitted in the Circuit Court; and it was argued in the brief, with regard to the provision quoted from said section 15 (Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933]): 'The whole ob-

ject of this act was to obtain, in the first instance, from the Board of Appraisers, their decision upon questions of classification; and, where no legal testimony is offered before said board when the case is called for argument, the appellant cannot in his appeal ask that further testimony may be taken. * * * Since the China & Japan Trading Company decision, it has been generally recognized that, where the importers neglected to appear before the board on due notice, they would be denied the privilege of introducing further evidence in the Circuit Court. The question arises: Are they in any better position, if they do appear and introduce an ex parte affidavit, which would not be received or considered by any court as legal evidence?' In the importers' brief it was urged that the board had admitted the affidavit as evidence, and that this admission made it competent under the further provision of said section that 'all the evidence taken by and before said appraisers shall be competent evidence before said Circuit Court'; and it was pointed out that this court, in U. S. v. Downing, 146 Fed. 56, 60, 76 C. C. A. 376, had considered and given weight to an ex parte affidavit made by the exporter of the goods. Note U. S. v. Hempstead (C. C.) 153 Fed. 483."

In answering the contention of the government it is said in the opinion:

"Testimony was taken in the Circuit Court; but the judge, upon motion of counsel for the government, expunged it, citing U. S. v. China & Japan Co., 71 Fed. 864, 18 C. C. A. 335. In the case cited the importer offered no evidence in support of his protest, and 'failed to appear pursuant to the board's notification to show cause why the action of the collector should not be affirmed.' In the case at bar, however, the importer did appear and offered evidence, which the board found not satisfactory. It consisted merely of an affidavit made by a person in China. The rule laid down in the China & Japan Case does not apply where the importer appears and offers some evidence to support his protest. We are of the opinion, therefore, that the evidence taken in the Circuit Court was properly in the record and should be considered."

In accord with the conclusion there expressed, I am satisfied that the petitioner must be given the benefit of the evidence offered; and, in view of the conceded effect of that evidence, the ruling of the Board of General Appraisers must be reversed, and the protest sustained.

It is so ordered.