## UNITED STATES v. J. LOEWENTHAL & CO.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

### No. 13 (4,067).

CUSTOMS DUTIES (§ 85*)—APPEAL—ASSIGNMENTS OF ERROR.

On appeal from the Board of General Appraisers an importer made eight assignments, in none of which was the point ultimately relied upon referred to more specifically than by two general assignments—that the Board had erred "in overruling the protests" and "in not sustaining the protests." *Held* that, as the protests did contain the point relied upon, there had been a sufficient compliance with the requirement in Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933), of "a concise statement of the errors of law and fact complained of."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 85.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

There was no opinion below, but this cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York, reversing a decision of the Board of General Appraisers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Martin T. Baldwin, of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. There has been no argument upon the merits. The only question raised is on a point of practice. The appellee imported certain ornaments made of leather and "artificial silk," with other materials. The collector held that the goods were composed in chief value of silk, and assessed duty under paragraphs 390 and 391 of the silk schedule, tariff act of 1897. (Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]). The importer protested, claiming that the importations should be assessed under one or other of certain paragraphs which he specifically enumerated by number—"both directly and by similitude." Among the paragraphs thus enumerated was No. 322. The Board of General Appraisers found that as to three items leather was the component of chief value, and as to all other items sustained the collector's assessment and overruled all claims of the importer.

Appeal was taken by the importer to the Circuit Court, which re-

versed the Board and held that the merchandise was properly dutiable, by virtue of the "similitude" section, under paragraph 322. The government, appellant in this court, contends that the importer "had no right to a reversal of the Board of General Appraisers upon a ground not asserted by them in their statement of errors." The statute (Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933]) provides that the application for a review by the Circuit Court "shall be made by filing in the office of the clerk of said Circuit Court a concise statement of the errors of law and fact complained of."

The importers filed with the clerk a statement which contained eight separate assignments of error, separately numbered. Of these No. 4 assigned error "in overruling the protests as to the said certain items," and No. 8 assigned error "in not sustaining the protests as to the said items." We find no insufficiency in these assignments. They referred to the protest which enumerated the very paragraph (322) on which the importer relies, directly and by similitude, and asserted that the Board erred in not finding the protest well taken. The appellant here relies on the decision of Circuit Court of Appeals, First Circuit, in United States v. Brown, Durrell & Co., 127 Fed. 793, 62 C. C. A. 473; but the assignments of error which were held to be insufficient in that case were that "the Board erred in reversing the decision of the collector," and erred "in not sustaining the decision of the collector." Such assignments are very different from those in this case, which, by explicit reference to the protest, point out the very paragraph relied upon by the appellant.

The decision is affirmed.