UNITED STATES v. HEMPSTEAD.

(Circuit Court, S. D. New York. July 1, 1910.)

No. 4,796.

1. CUSTOMS DUTIES (§ 85*)—APPEAL—ASSIGNMENT OF ERROR.

On appeal from the Board of General Appraisers the Circuit Court will not consider whether a protest decided by the board was sufficient, unless the question of insufficiency is raised by the assignment of errors.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 201; Dec. Dig. § 85.*]

2. CUSTOMS DUTIES (§ 85*)—APPEAL—ASSIGNMENT OF ERROR.

On appeal from the Board of General Appraisers, error was assigned on the point that the board had erred in holding the merchandise in question to be free of duty. *Held*, that this assignment related to the merits, and was not sufficiently comprehensive to include the point of the sufficiency of the protest passed on by the board.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 201; Dec. Dig. § 85.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

D. Frank Lloyd, Asst. Atty. Gen. (Thomas M. Lane, of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

HAZEL, District Judge. The importation is claimed to be entitled to free entry as paraffin under paragraph 633 of the free list of the tariff act of 1897. Act July 24, 1897, c. 11, § 2, 30 Stat. 200 (U. S. Comp. St. 1901, p. 1686). There has been no question raised as to the merits, and therefore it may safely be held that the paraffin oil was imported from Belgium, where it had been manufactured from crude petroleum, the product of Russia. Belgium does not impose a duty upon products of petroleum exported thereto from this country.

The government objects to the classification, on the ground that the importers, under the doctrine of United States v. Schoellkopf, 146 Fed. 56, 76 C. C. A. 376, in their protest did not make it clear that they claimed free entry of the product on the specific ground that it came from a country which does not tax American petroleum. The importers contend that the government is precluded from urging

such an objection, on the ground that the assignment of errors is silent in relation thereto, and the objection must be deemed to have been waived. It will not be necessary to here decide whether the objection urged by the government is controlled by the decision in the Schoellkopf Case, as on examination of the contention of the importers 1 have arrived at the conclusion that the issue of defective protest has not been raised by the assignment of errors, and that the government has accepted the protest as sufficient.

Reliance is placed by the government upon the first assignment of error, which reads as follows:

"That the said board was in error in holding said paraffin to be free of duty under paragraph 633 of said act."

This assignment, I think, relates to the merits, and is not sufficiently comprehensive to include the point of law which is now insisted upon. In the case of United States v. Brown, Durrell & Co., 127 Fed. 793, 62 C. C. A. 473, there was a similar assignment of errors, and the Circuit Court of Appeals for the First circuit held that the language was too general to indicate an intention to question the validity of the protest. The claim is made that in this circuit it was held in United States v. Loewenthal, 175 Fed. 777, 99 C. C. A. 349, that such an assignment was sufficiently explicit to justify the indicated objection to the insufficiency of the protest; but on examination of the said decision I find that in that case there was a specific reference made to the protests, while in this case none of the assignments of error specify any defect for insufficiency thereof.

The decision of the board is affirmed.