CITY OF GARY *v.* COSGROVE ET AL.

[No. 26,622. Filed March 15, 1937.]

*Harry Long, John M. Ruberto* and *Howard Englander,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Urban C. Stover, Joseph P. McNamara,* Deputy Attorneys-General, for appellees.

HUGHES, J.—The appellant, a city of the second class as defined by law, brought this action to compel the defendants to recognize certain appropriations made by the common council of said city on June 10, 1935, to meet certain emergencies which were claimed to exist and arising after the budget ordinance had been passed on the — day of ———, 1934, for the fiscal year beginning January 1, 1935, and ending December 31, 1935. Said appropriations of June 10, 1935, were made pursuant to Ch. 60 of the Acts of 1933, §48-1506 Burns 1933 (§11463 Baldwin's 1934). The defendants contend, as alleged in the complaint, that the said appropriations could only have legally been made under Ch. 150 of the Acts of 1935 (§15735 Baldwin's Ind. Stat. Service 1935), and for this reason the city comptroller refused to honor the appropriations so made and to make

any payments on account of said appropriations to meet the said claimed emergencies.

The appellant, in its prayer of the complaint, asked that the court declare Ch. 150 of the Acts of 1935 void and unconstitutional and that Ch. 60 of the Acts of 1933 be declared to be the proper act for the appellant to follow, and to enjoin the defendants from recognizing as legal and valid, said Ch. 150 of the Acts of 1935, and to enjoin the defendants from requiring the plaintiff and its officers and the common council of the city to follow the procedure of said Ch. 150 in making additional appropriations in excess of those made in the annual budget ordinance.

The appellees filed a demurrer to the complaint which was sustained. The plaintiff refused to plead further and the court entered judgment for the defendant. The error of assignment relied upon for reversal is that the court erred in sustaining the demurrer to 'the complaint.

Briefly stated, the question involved in this case is whether or not, after the regular budget ordinance is passed for the fiscal year and afterward there is a necessity for additional appropriations, the procedure as provided in Ch. 60 of the Acts of 1933, if in effect, or the procedure as provided in Ch. 150 of the Acts of 1935 must be followed, and the further question, whether the Act of 1935 is constitutional.

Ch. 60 of the Acts of 1933, §1, p. 426, among other things, provides:

"If at any time after the passage of such ordinance an emergency should arise for further appropriations for the use of any department, on the representation of such department, as hereinbefore provided, or for other purposes during the year, such additional appropriations may be made on the recommendation of the controller by a two-thirds vote of the council."

Ch. 150 of the Acts of 1935, §1, p. 532, among other things, provides (p. 534) :

"When such state board of tax commissioners in its order shall order a reduction in the levy it shall indicate the item or items in the budget affected by such reduction, and the budget as set out by the municipal officers in the published statement or as modified on hearing by the state board shall limit the expenditure for the year, except in cases of casualty or accident or extraordinary emergency. In the event the proper legal officers of any municipal corporation shall contemplate to meet the emergency and determine the expenditure of more money for the current year than was set out in detail in the published budget or in the budget as modified as a result of a hearing before the state board of tax commissioners, said officers shall give ten days' notice by publication as herein provided for publication of the budget and proposed tax levy of such additional amount proposed to be expended, fixing a date when the same shall be considered and determined upon, and taxpayers shall have a right to be heard thereon. No such proposed additional amount shall be appropriated or expended unless and until such appropriation and expenditure shall have been approved by the state board of tax commissioners, as hereinafter provided. Upon the conclusion of such hearing, if the proper legal officers shall confirm its determination to appropriate and expend such additional amount, such officers shall file a certified copy of such determination with the county auditor of the county in which such municipal corporation is located. Upon the filing of any such determination such county auditor shall immediately certify a copy of such determination with such other information as may be necessary to present the questions involved, to the state board of tax commissioners, which shall have the power to affirm or decrease the amount of such additional appropriation of any such municipal corporation after a hearing as hereinafter required. The state board of tax commissioners shall fix a time and place for the hearing of such matter, which shall not be less than five or more than fifteen days thereafter, and said hearing shall be held in the taxing unit or in the county where such taxing unit

is located, which proposed to make additional appropriations to the regular budget as finally determined upon. Notice of such hearing shall be given by the state board of tax commissioners to the executive officer of the taxing unit and taxpayers by a letter by the secretary or one member of the state board of tax commissioners, and enclosed in a sealed envelope with full prepaid postage, addressed to said officer at their usual place of residence at least five days before the date of the hearing. The decision of the state board of tax commissioners upon the expenditure of such additional amount of money, or any part theref as may have been determined upon, shall be final and conclusive. Any officer or officers of any municipal corporation having authority by law to make appropriations for the expenditure of public money, who shall appropriate any money for any item set forth in the published budget, or for any item as modified on the order of the state board of tax commissioners, in excess of the amount estimated to be expended in such budget, or in excess of any additional expenditure without having first given notice to the taxpayers and allowing taxpayers the right to appeal to the state board of tax commissioners, or without certifying their determination to make additional appropriations to the state board of tax commissioners, as herein provided, shall be guilty of malfeasance in office and shall be liable to such municipal corporation in the amount of such excess so appropriated, together with the costs of said action and reasonable attorney fees with a penalty of twenty-five per cent of such amount, recoverable in an action (or suit) instituted in the name of the State of Indiana upon the relation of any taxpayer or taxpayers in such municipal corporation."

The first proposition of appellant is that in making additional appropriations in excess of those made in the annual budget ordinance, the common council of the city of Gary is bound to follow the procedure as set out in Ch. 60 of the Acts of 1933 instead of Ch. 150 of the Acts of 1935. And it is also contended that both laws should be construed together,

and, that it is only when the city council by less than a two-thirds vote, proposes to appropriate money which would increase the tax levies that the state board is given power to pass on the proposed appropriation. It seems clear to us that such a construction can not prevail. The language is so plain that it is hardly open to construction. It is first provided that in case more money is to be appropriated,

"Said officers shall give ten days' notice by publication as herein provided for publication of the budget and proposed tax levy of such additional amount proposed to be expended, fixing a date when the same shall be considered and determined upon, and taxpayers shall have a right to be heard thereon."

And then it is specifically provided in clear and exact language as follows:

"No such proposed additional amount shall be appropriated or expended unless and until such appropriation and expenditure shall have been approved by the state board of tax commissioners, as hereinafter provided."

It is further provided that if the proper legal officers determine to make the additional appropriation, then they must file a copy of said determination with the county auditor, who must then certify a copy of such determination to the state board of tax commissioners, which shall have the power to affirm or decrease the amount of such additional appropriation after a hearing in the taxing unit or in the county where the taxing unit is located. Notice is required to be given by the state tax board to the taxpayers and to the executive officers of the taxing unit for at least five days before the hearing. It is also provided in the Act that if any officer or officers of any municipal corporation fail to certify the determination to make additional appropriations to the state board of tax commissioners, they

shall be guilty of malfeasance in office and subject to certain penalties. When the effect of all the foregoing language as used in the Act of 1935 is considered, it seems to us that the contention of the appellant is without foundation and that the matter of additional appropriations must be submitted to the state tax board and that their action is final and conclusive. The two Acts can not be construed and interpreted so that both may stand together.

It is true, as contended for by the appellants, that repeals by implication are not favored, but if there is an irreconcilable conflict between two Acts, then the latter Act will prevail. The two Acts in question are in irreconcilable conflict and the Act of 1935 must stand and govern the procedure in the instant case. *Newbauer* v. *State* (1928), 200 Ind. 118, 161 N. E. 826; *Stiers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374.

It is next contended by appellants that part of Ch. 150 which attempts to confer power upon the state tax board to cut down items of appropriation in the budget ordinance and providing that no additional appropriations shall be made at any time by the common council for any purpose except upon approval by the state tax board, is unconstitutional and void, being in violation of Sec. 19, Art. 4 of the Constitution of Indiana, for the reason that the subject matter of said part and portion of said Act is not expressed in the title, in that the title of the original Act of which said Ch. 150 is an amendment, was entitled "An Act Concerning Taxation" and the making of additional appropriations by municipalities out of funds previously raised by tax levies, is in no way connected with the levying of taxes or with taxation and is not connected therewith.

Sec. 19 of Art. 4 provides:

"Every Act shall embrace but one subject and matters properly connected therewith; which shall be expressed in the title . . ."

The title of the Act is as follows: "An Act Concerning Taxation . . . and providing for the recovery of appropriations made by officers of municipal corporations in violation of law . . ."

The purpose of this constitutional provision, as said in the case of *Moore-Mansfield, etc., Co.* v. *Indianapolis R. R. Co.* (1913), 179 Ind. 356, 101 N. E. 296, was "(1) to prevent 'log rolling' legislation, (2) to prevent surprise, or fraud, in the legislature by means of provisions in bills of which the title gives no intimation, and, (3) to apprise the people of the subject of legislation under consideration."

It is further said in the above case (p. 376):

"There has been a general disposition to construe this provision liberally rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it was adopted. . . . It should be borne in mind that Sec. 19, Art. 4, aims only at titles narrower than the enactment." *Clarke* v. *Darr* (1901), 156 Ind. 692, 60 N. E. 688; Cooley, Const. Lim. 7th Ed. 206.

In the case of *Wright* v. *House* (1919), 188 Ind. 247, 121 N. E. 433, the title of the Highway Act was under consideration. The title was as follows:

"An Act creating a highway commission, providing for the construction, reconstruction, maintenance, repair and control of public highways, and providing for co-operation with the Federal government in the construction of rural post roads."

The body of the Act provided for the levy of taxes to raise funds to pay for road building. The court said (p. 258):

"Where the general subject of an act is expressed in the title, it is not necessary that matters prop-

erly connected therewith shall be also expressed in the title. . . . It is not necessary that the title should contain a complete abstract of the contents of an act. If a title expresses the general purpose of the act, everything contained in the body of the act which is germane to such purpose or properly connected therewith as a means of making the act effective to accomplish the purpose, is covered by the title. . . . The selection of roads to be improved under the act is reasonably connected with the improvement of highways, and the appropriation of money and the levy of taxes to raise funds to pay for such improvements must be regarded as being properly connected with the subject of the act as expressed in the title."

In the case of *Zoercher* v. *Agler* (1930), 202 Ind. 214, 172 N. E. 186, 907, the court considered the title of the General Tax Law, Acts 1919, Ch. 59, which was amended by Acts of 1927, Ch. 95. The wording of the title was "An Act Concerning Taxation."

The court said (p. 225) :

"The appellees say . . . that the power given to the tax board by Ch. 95, Acts 1927, to approve or reduce the rate of taxation, results in the board having the right to control the amount and channels of municipal expenditure under the various items of its budget, which right is not mentioned in the title. We do not believe that appellees' statement is accurate regarding the result of the operation of this law, although necessarily there is a relationship between the functions of raising money and of spending it. The challenged provisions deal clearly with the subject of taxation alone, and we can not hold that any subject is embraced in this section of the act which is not expressed in the title."

We do not think the Act embraces more than one subject, nor that a portion of the Act is not expressed in the title. The ordinances of the city of Gary making appropriations which were not included in the regular budget, certainly had a direct relation to taxes, and the provision for the recovery of appropriations is properly connected therewith. The general purpose of the

Act is expressed in the title and all the things contained in the body of the Act are germane to the general purpose of the Act and properly connected therewith to make the Act effective to accomplish its purpose.

It is also contended by appellant that Ch. 150 confers legislative power on the state tax board in violation of Sec. 1, Art. 3 of the Constitution of Indiana. This question has been passed upon by this court so recently and adversely to the contention of the appellant that we do not consider it necessary to reconsider it, as this court has held that the power conferred upon the state tax board is not the exercise of legislative power. *Zoercher* v. *Agler, supra; Dunn* v. *City of Indianapolis* (1935), 208 Ind. 630, 196 N. E. 528.

Judgment affirmed.

Fansler, J., dissents.