O'ROURKE v. BOARD OF COMMISSIONERS OF
LAKE COUNTY.

[No. 27,145. Filed January 10, 1939. Rehearing denied
February 27, 1939.]

*Davis & Eichhorn,* and *Gilbert Gruenberg,* for appellant.

*George E. Hershman,* for appellee.

TREMAIN, C. J.—This action was brought by the appellant against the appellee to recover the sum of $1,020 alleged to be the balance due the appellant as chief deputy treasurer in charge of the Lake County treasurer's office for a period from June 7, 1937, to December 31, 1937. The claim was based upon chapter 45 of the Acts of 1937, p. 279, being section 49-1002 Burn's Supp. 1937, §7532 Baldwin's Supp. 1937. The appellee filed an answer in general denial to the complaint and requested the court to make special findings of fact and to state its conclusions of law thereon.

On a trial before the court special findings were filed together with the conclusions of law. The court found that, according to the 1930 United States Census, Lake County had a population of more than 250,000 inhabitants, and, during all of the year 1937, had five courthouses in which branches of the various county offices were maintained; that the appellant, during all of that year, was the duly appointed and qualified chief deputy treasurer in charge of the main office of the county treasurer of Lake County, located in the courthouse at Crown Point; that during the year 1936 the board of county commissioners and the county council duly fixed the salary of the plaintiff as such chief deputy treasurer at $2,400 for the year 1937, for the payment of which an appropriation was duly made.

The court further found that on June 29, 1937, upon notice from the various county officers, the county commissioners recommended to the county council that, pursuant to chapter 45 of the Acts of 1937, an order be

made fixing the salary of the chief deputy treasurer at not less than $3,600 nor more than $4,200 per year; that, upon the request of the board of county commissioners, the county council was legally called into special session by the auditor of the county and met in the auditor's office on June 29 and 30, 1937, for the purpose of considering requested appropriations, among them being an increase of salary of the chief deputy treasurer as provided for in the recommendation of the board of commissioners. The court found:

> "That said County Council while in special Session did pass an Ordinance for an appropriation allowing an annual salary of Forty-two Hundred ($4,200.00) Dollars for each Chief Deputy in charge of the Main Office, and Thirty-six Hundred ($3,600.00) Dollars for Branch Office Deputies as approved by the Board of County Commissioners.
>
> "That after the meeting of said County Council and the making of such appropriations for the increase of salaries, the County Auditor duly and legally certified each and all appropriations so made by said County Council on June 29th, 1937, to the State Board of Tax Commissioners asking for approval of such appropriations. The said State Board of Tax Commissioners held a meeting on such appropriations in the Auditor's Office at Lake County, Indiana, on July 12, 1937, at 9:30 A. M., and thereafter made and entered its finding, disapproving, and disallowing the increases in salaries as heretofore mentioned in these findings as allowed by the Board of County Commissioners and the County Council."

The findings recite that each month thereafter, during the remainder of the year 1937, the appellant filed his claim in the auditor's office for the additional amount of salary, which claim each month was disallowed. It was expressly found that the appellant was a chief deputy county treasurer and did not receive the increase in salary recommended by the county commissioners and appropriated by the county council; that the

special meeting of the county council fixed appellant's salary at $4,200 per annum for the remainder of the year 1937, and $900 was appropriated to pay the increased salary.

Upon these facts the court concluded: First, "on the above and foregoing special finding of facts, the court concludes, as a matter of law, that plaintiff is not entitled to recovery in this action," and, in conclusion number 2, that the appellee was entitled to judgment for costs. Judgment was rendered accordingly.

The appellant excepted to each conclusion of law, appealed, and assigned as error his exceptions to the conclusions of law numbers 1 and 2.

It is the appellant's contention that chapter 45 of the Acts of 1937, *supra*, became effective June 7, 1937, upon the proclamation of the governor; that the act provides that the salaries of all deputies shall be fixed and approved by the county council within the limits designated—that is, between $3,600 and $4,200 per annum. That chapter provided:

"The estimates of compensation to be paid deputies and other assistants submitted by the respective officials of each county shall be itemized so as to state the annual rate of salary of each deputy and each assistant and in case of part time deputies and assistants said estimate shall state the pro rata part of the year each is to be employed. The appropriation by the county council shall be itemized in conformity with the aforesaid estimate."

It is appellant's position that when the law became effective on June 7, 1937, he was from that date until the end of the year entitled to a salary of $4,200 per year, which he should be permitted to recover from the county, since the common council had made an appropriation; that the enactment of that chapter was a mandate to the county auditor to draw a warrant for the salary; that the payment of the additional salary

was a matter beyond the control of the county council or the State Board of Tax Commissioners.

On the contrary, the appellee contends that said chapter 45 expressly provides that salaries of all deputies be fixed and approved by the county council and be itemized so as to state the annual salary to each deputy; that the appropriation shall be itemized in conformity with the estimate; that the act clearly contemplates that the county council could not fix and determine the amount of the salary until its annual meeting in September, 1937, for the year 1938. In support of its contention it is asserted that section 26-521 Burns' Ind. St. 1933, §5385 Baldwin's 1934, limits the authority of the common council after the adjournment of its annual meeting from making an appropriation for any purpose, unless an emergency exists therefor.

This interpretation seems to be the clear meaning of the statute. The special findings do not show that an emergency existed authorizing the county council to attempt to fix or make an appropriation for appellant's salary in June, 1937. Section 64-1331 Burns' Supp. 1935, §15735 Baldwin's Supp. 1935, chapter 150 of the Acts of 1935, fully provides for tax levies, appropriations, budgets, and a proceeding to be followed in any case coming within the statute. Appeals to the state board of tax commissioners are provided. That statute provides:

> "In the event the proper legal officers of any municipal corporation shall contemplate to meet the emergency and determine the expenditure of more money for the current year than was set out in detail in the published budget or in the budget as modified as a result of a hearing before the state board of tax commissioners, said officers shall give ten (10) days' notice by publication as herein provided for publication of the budget and proposed tax levy of such additional amount proposed to be

expended, fixing a date when the same shall be considered . . . No such proposed additional amount shall be appropriated or expended unless and until such appropriation and expenditure shall have been approved by the state board of tax commissioners. . . . . The decision of the state board of tax commissioners upon the expenditure of such additional amount of money, or any part thereof as may have been determined upon, shall be final and conclusive."

The statute provides that, if during the year an emergency arises which requires additional money to be expended, notice shall be given to the taxpayers and no additional amount shall be appropriated or expended unless and until such appropriations or expenditure shall have been approved by the state board of tax commissioners. The special findings show that the expenditure demanded to be made by appellant was denied by the state board of tax commissioners. He seeks to avoid the action of the state board by asserting that the matter of his additional salary was of no concern to the state board of tax commissioners. Chapter 45 of the Acts of 1937 did not become a law until June 7th of that year, and, according to the special findings, an emergency was not shown to have existed prior to the annual meeting in September, 1937. The 1935 act cited above clearly provides for notice and hearing in order to make special or additional appropriations, and in cases only where an emergency exists, and neither the board of county commissioners nor the county council has authority to fix salaries or make appropriations unless an emergency exists. Where an emergency arises for additional appropriations in excess of those made in the annual budget ordinance, the matter of such additional appropriations must be submitted to and approved by the state board of tax commissioners. *City of Gary* v. *Cosgrove* (1937), 211 Ind. 294, 6 N. E. (2d) 940; *DeHaven* v. *Municipal City*

*of South Bend* (1937), 212 Ind. 194, 204, 7 N. E. (2d) 184.

It is the opinion of this court, and it so holds, that the matter of additional appropriation for the use of the appellant and as an increase in his salary is one which comes clearly within the jurisdiction of the state board of tax commissioners under the provisions of the statute in force in this state; that its decision is final, and, when it was determined by the state board that the appropriation should be disapproved, the effect of that determination was conclusive as against the appellant.

Judgment affirmed.

Fansler, J., concurs in result.