## STATE BOARD OF TAX COMMISSIONERS, Appellant (Defendant Below),

v.

## CIVIL CITY OF SOUTH BEND, Appellee (Plaintiff Below).

### No. 3–1079A270.

Court of Appeals of Indiana,
Third District.

June 11, 1980.

Theodore L. Sendak, Atty. Gen., Jeffrey L. Hunter, Deputy Atty. Gen., Indianapolis, for appellant.

Richard L. Hill, City Atty., James A. Masters, Asst. City Atty., South Bend, for appellee.

HOFFMAN, Judge.

This appeal is brought by the State Board of Tax Commissioners challenging an order from the Starke Circuit Court. The facts in this case are not in dispute. On May 29, 1979, the South Bend Common Council adopted an ordinance approving by a vote of five to four an additional appropriation from the Federal Assistance Grant Fund. As required by IC 1971, 6–1.1–18–5 (Burns

Code Ed.), the appropriation was subject to review by the State Board of Tax Commissioners. The State Board refused to approve the ordinance based on the City's failure to comply with the requirements of IC 1971, 18–1–6–6 (Burns Code Ed.). Litigation was commenced by the City and the Starke Circuit Court issued an order requiring the State Board to immediately execute and deliver its approval of the ordinance. The State Board of Tax Commissioners now brings this appeal.

The two statutes which are relevant to this discussion are IC 1971, 18–1–6–6 (formerly chapter 60 of the Acts of 1933) and IC 1971, 6–1.1–18–5 (formerly chapter 150 of the Acts of 1935). The relevant portion of IC 1971, 18–1–6–6 reads as follows:

". . . If at any time after the passage of such ordinance [meaning the annual appropriation ordinance] an emergency should arise for further appropriations for the use of any department, on the representation of such department, as hereinbefore provided, or for other purposes during the year, such additional appropriations may be made on the recommendation of the controller, by a two-thirds [⅔] vote of the council. . . ."

The ordinance which is the subject of this appeal is an additional emergency appropriation.

The second relevant statute, IC 1971, 6–1.1–18–5, sets forth the procedure which a political subdivision must follow when it intends to appropriate additional funds. That statute, in its entirety, states:

"(a) If the proper officers of a political subdivision desire to appropriate more money for a particular year than the amount prescribed in the budget for that year as finally determined under this article, they shall give notice of their proposed additional appropriation. The notice shall state the time and place at which a public hearing will be held on the proposal. The notice shall be given in the manner prescribed in IC 1971, 6–1.1–17–4 at least ten [10] days before the date fixed for the hearing.

"(b) After the public hearing, the proper officers of the political subdivision may file a certified copy of their final proposal with the county auditor. The county auditor shall forward a certified copy of the final proposal and any other relevant information to the state board of tax commissioners.

"(c) When the state board of tax commissioners receives a certified copy of a proposal for an additional appropriation, the board shall set a time and place for a hearing on the proposal. The hearing shall be held in the political subdivision, or in the county where the political subdivision is located, not less than five [5] nor more than fifteen [15] days after the board receives the proposal. The state board of tax commissioners shall mail a notice of the time and place of the hearing to the executive officer of the political subdivision at least five [5] days before the date fixed for the hearing.

"(d) The state board of tax commissioners may affirm or decrease the amount of the additional appropriation proposed by the political subdivision. However, the board shall limit the amount of the additional appropriation to revenues available, or to be made available, which are in addition to and in excess of those revenues anticipated in the political subdivision's original budget."

The City of South Bend did comply with the procedure established herein.

The sole issue raised on appeal is whether a two-thirds vote of a city council is required for the passage of an additional appropriation pursuant to IC 1971, 18–1–6–6. The City contends that this statute was repealed by implication in 1935 with the enactment of IC 1971, 6–1.1–18–5 (originally found at IC 1971, 6–1–1–24), and, therefore, a simple majority vote of the City Council is sufficient to adopt an additional appropriation ordinance.

To support this argument, the City relies on the case of *City of Gary v. Cosgrove* (1937), 211 Ind. 294, 6 N.E.2d 940, and contends that the Supreme Court of Indiana determined that the provision of IC 1971, 18–1–6–6 regarding a two-thirds vote re-

quirement was repealed by implication. In *Cosgrove*, the plaintiff-city, acting through its common council and mayor, authorized certain additional appropriations to meet emergencies which arose after the passage of the annual civil city budget. These appropriations were enacted by a two-thirds majority of the common council. The defendant-city controller refused to honor the ordinances because the approval of the state board of tax commissioners had not been obtained. Suit was brought by the city to compel the controller to recognize and approve the appropriations. The trial court rendered its decision in favor of the city controller and, on appeal, this decision was affirmed by the Supreme Court of Indiana.

Clearly, the facts of the present case differ considerably. *Cosgrove* addressed the necessity of State Board approval after the adoption of the ordinance by the required two-thirds majority of the city council. In the present case, the required City Council vote has not been obtained. The Supreme Court ruling in *Cosgrove* should not be construed beyond its appropriate application.

The City relies on the following language from the *Cosgrove* case to support its argument of a repeal by implication:

> "When the effect of all the foregoing language as used in the Act of 1935 is considered, it seems to us that the contention of the appellant is without foundation and that the matter of additional appropriations must be submitted to the state tax board and that their action is final and conclusive. The two acts cannot be construed and interpreted so that both may stand together.
>
> "It is true, as contended for by the appellants, that repeals by implication are not favored, but if there is an irreconcilable conflict between two acts, then the latter act will prevail. The two acts in question are in irreconcilable conflict, and the act of 1935 must stand and govern the procedure in the instant case."

6 N.E.2d at 942.

The conflict between the two statutes is limited to the necessity for State Board approval of an emergency appropriation which has been properly adopted by the City Council. The *Cosgrove* opinion resolved this conflict in favor of the more recent statute and required State Board approval.

■ As the Supreme Court stated in *Cosgrove*, repeals by implication are not favored. Thus, such repeals are limited to the extent of the conflict. *Economy Oil Corp. v. Ind. Dept. of Revenue* (1974), 162 Ind. App. 658, 321 N.E.2d 215. When two statutes exist on the same subject, it is the duty of this Court to give effect to both, if possible. *Payne, President et al. v. Buchanan et al.* (1958), 238 Ind. 231, 148 N.E.2d 537.

■ As related to the facts of this case, no clear conflict exists between the relevant statutes and effect may be given to both. The second statute, IC 1971, 6–1.1–18–5, sets forth the procedure to be followed "[i]f the proper officers of a political subdivision desire to appropriate more money for a particular year . . . ." The first statute, IC 1971, 18–1–6–6, establishes that the "proper officers" are the city controller and a two-thirds majority of the city council. Therefore, a political subdivision must comply with the procedures created by both statutes for city council and state board approval. The State Board of Tax Commissioners is correct in withholding approval in this case.

In addition, the appellee requests this Court to take judicial notice of the action of the 1980 General Assembly. Public Law 73 of the Acts of 1980 repeals the requirement of a two-thirds majority vote of the city council for the passage of an additional appropriation ordinance. The appellee contends that this legislative action is in response to the incorrect interpretation of the relevant statute by the State Board. However, the Board has consistently followed this interpretation since the enactment of the legislation in 1933. If the General Assembly deemed this interpretation incorrect, it is unlikely that the lawmakers would have waited forty-seven years to

**576**

amend the statute. The more logical interpretation is that the Legislature intended to change the statute from a two-thirds vote requirement to a simple majority. Accordingly, at the time the City Council of South Bend acted, a two-thirds majority was required.

For the foregoing reasons, the judgment of the trial court is reversed.

Reversed.

GARRARD, P. J., and STATON, J., concur.